UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KENNITH D.L. VAN BUREN, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:19-cv-00533 |
| WALMART STORES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Kennith Van Buren, a Tennessee resident, filed a *pro se* employment discrimination complaint against Walmart Stores of America and Scott A. Forman. (Doc. No. 1.) Plaintiff also filed an application to proceed in this Court without prepaying fees and costs. (Doc. No. 2.) The Court granted Plaintiff's application and directed him to file an amended complaint identifying the factual basis for his claims. (Doc. No. 4.) Plaintiff complied. Both the complaint (Doc. No. 1) and amended complaint (Doc. No. 5) are now before the Court for an initial review.

**I.    Initial Review**

The Court must dismiss any action filed *in forma pauperis* if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however,

extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### A.  Factual Allegations

Plaintiff alleges that he was employed at a Walmart on Dickerson Pike in Nashville, Tennessee. (Doc. No. 1 at 3.) On June 1, 2017, Plaintiff alleges that a loss prevention agent was "accused of possibily [*sic*] detaining a customer at [his or her] vehicle for possibly shoplifting items from the store." (Doc. No. 5 at 4.) Plaintiff alleges that he was "falsely accused of being involved in" this incident. (Id.) According to Plaintiff, he was "only at a shopping cart" helping the customer's grandchild get out of the cart without injury. (Id.) Plaintiff does not explain what, if anything, happened during this alleged incident. He does allege, however, that he was terminated as a result of this incident, and that "employees of other races" have not been terminated when they "actually confronted customers using profanity." (Id. at 5.)

Plaintiff alleges that he gave a statement regarding this incident some time after it occurred. While Plaintiff's allegations regarding this statement are somewhat confusing, he clearly alleges that his "original statement" was destroyed. (Id.) Indeed, Plaintiff alleges that the "defendant's witness" admitted doing so during Plaintiff's "unemployment hearing." (Doc. No. 5-1 at 3.) For this reason, Plaintiff alleges, "the statement submitted as evidence on their behalf as [his] statement is not [his] statement that was submitted at the time of [his] hearing." (Id.) Plaintiff alleges that, as a result of this hearing, he "should be awarded [his] unemployment benefits," but he "did not receive all of the benefits [he] was owed." (Id. at 4.)

2

Attached to the amended complaint is a Walmart "Voluntary Statement Form" apparently completed and signed by Plaintiff on September 25, 2017.[1] (Doc. No. 5-1 at 2.) On this form, Plaintiff states that another employee told him to "pay attention to two white females with two small kids in a shopping cart" because the employee noticed that "the ladies had some clothing items under a case of water inside the basket." (Id.) The employee followed "the young lady outside," and Plaintiff "thought she was going to bring the items to the young lady's attention." (Id.) Plaintiff "knew that it was wrong to follow the lady to her car" based on his previous training. (Id.) Nonetheless, the employee told Plaintiff that she was approaching [the lady] at her car" because she "knew the lady from being a regular customer." (Id.) Plaintiff went with the employee "just as a witness" and "for safety reasons . . . in case the young lady became belligerent." (Id.) The employee requested to see the customer's receipt after telling "the young lady she had some clothes . . . in her basket not in bags." (Id.) "The lady said she may have forgotten to ring them up because of the kids." (Id.)

There is an EEOC right-to-sue notice attached to the original complaint, dated March 27, 2019. (Doc. No. 1-1 at 1.) The notice seems to reflect that Plaintiff brought an EEOC charge against Walmart based, at least, on race, age, and disability. (Id.) The EEOC dismissed Plaintiff's charge. (Id.)

B. **Employment Law Claims**

The original complaint reflects that Plaintiff intends to bring several federal employment law claims against the Defendants. Before addressing the merits of those claims, however, the Court first addresses the timeliness of the complaint. A plaintiff must file a civil lawsuit within 90

---

[1] Also attached is a one-page excerpt from an unknown document, apparently completed by a "Senior Federal Investigator" with the EEOC and dated January 29, 2018. (Doc. No. 5-1 at 1.) Because this document was not completed by Plaintiff, and it is unclear whether Plaintiff intended to incorporate it into the complaint, the Court will not consider the substance of this one-page excerpt in the course of conducting an initial review.

days of receiving a right-to-sue notice from the EEOC. See Fuller v. Mich. Dep't of Transp., 580 F. App'x 416, 424 (6th Cir. 2014) (citing 42 U.S.C. § 2000e-5(f)(1)) (discussing the 90-day requirement in the context of Title VII). There is a presumption that a plaintiff "receives the EEOC's [right-to-sue] letter by the fifth day after the indicated mailing date." Id. (citing Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557 (6th Cir. 2000)). Here, the EEOC right-to-sue notice is dated March 27, 2019, so the Court presumes Plaintiff received it on April 1. The Court received the original complaint on June 27, 2019 (Doc. No. 1 at 1), 87 days later. Accordingly, the Court considers Plaintiff's federal employment law claims to be timely for the purpose of initial review.

Turning to the merits, Plaintiff checked boxes reflecting that he intends to bring this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA"). (Doc. No. 1 at 3.) He also checked the boxes reflecting that the "discriminatory conduct of which [he] complain[s]" includes termination of his employment, failure to promote, unequal terms and conditions of employment, and retaliation. (Id. at 4.) Finally, Plaintiff checked boxes reflecting that the Defendants discriminated against him based on his race, gender/sex, age, and disability, while identifying his disabilities as congestive heart failure and "dislocated disc in back." (Id.)

Liberally construing the factual allegations set forth above and taking them as true, as required at this stage in the proceedings, the Court concludes that Plaintiff has stated claims under Title VII, the ADEA, and the ADA against Defendant Walmart Store of America.

As to Defendant Scott Forman, however, Plaintiff fails to state an employment discrimination claim. Plaintiff includes Forman on the list of Defendants, but does not include any information about Forman's alleged job or title. (Doc. No. 1 at 2; Doc. No. 5 at 2.) Indeed, Plaintiff

4

does not even reference Forman again. A defendant "who does not otherwise qualify as an 'employer' cannot be held individually liable under Title VII and similar statutory schemes." Wathen v. Gen. Elec. Co., 115 F.3d 400, 404 (6th Cir. 1997) (footnote omitted) (collecting cases). Here, the Court has no basis to conclude that Defendant Forman qualifies as an employer under the relevant statutes, and so Plaintiff's employment discrimination claims against Forman will be dismissed.

### C. Section 1983 and/or Bivens Claims

Through the amended complaint, Plaintiff states that he is "suing under both Section 1983 [and] Bivens" because the Defendants violated his due process rights and discriminated against him. (Doc. No. 5 at 4.) He fails to state a claim on either basis.

As to Defendant Forman, Plaintiff does not make any allegations against him in the original complaint, amended complaint, or any of the attached documentation. Even under the liberal construction afforded to *pro se* plaintiffs, this is insufficient to impose liability under either Section 1983 or Bivens. See Frazier v. Michigan, 41 F. App'x 762, 764 (6th Cir. 2002) (citing Hall v. United States, 704 F.2d 246, 251 (6th Cir. 1983)) ("[A] complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights."). Because Plaintiff does not assert any other claims against him, Defendant Forman will be dismissed as a party.

As to Defendant Walmart, a private entity, Plaintiff fails to state a Bivens claim because "it is well established that Bivens actions may not be asserted against . . . private corporations." Marie v. Am. Red Cross, 771 F.3d 344, 364 (6th Cir. 2014) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70–74 (2001)).

Finally, while there are some circumstances in which private entities may be held liable under Section 1983, Plaintiff allegations against Walmart do not provide a basis to do so here. To

5

state a Section 1983 claim, a plaintiff must allege that a defendant was "acting under color of state law." Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (quoting Ellison v. Garbarino, 48 F.3d 192, 194 (6th Cir. 1995)). And "[t]o set forth a cognizable [Section] 1983 claim against a private party, a plaintiff must show that its actions were 'fairly attributable to the state.'" Hopson v. Wal-Mart, No. 5:05CV-237-M, 2006 WL 939004, at *2 (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). Here, Plaintiff does not provide any allegations from which the Court could reasonably infer that Walmart's challenged conduct is attributable to the state in any way. Plaintiff, therefore, fails to state a claim against Walmart under Section 1983. See id. at *2–3 (determining that Walmart's alleged conduct was not "fairly attributable to the state" under the public function test, the symbiotic relationship test, or the state compulsion test).

**III.     Conclusion and Referral to the Magistrate Judge**

For these reasons, the Court concludes that Plaintiff has stated a claim against Defendant Walmart Store of America under Title VII, the ADEA, and the ADA. All other claims and Defendants are **DISMISSED**.

The Court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude a defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

Plaintiff is warned that he must keep the Clerk's Office informed of his current address at all times. Failure to do so may result in dismissal of this case for failure to prosecute and failure to comply with the Court's Order.

The Clerk is directed to **ISSUE PROCESS** and ensure service upon Defendant Walmart Stores of America at the address provided by Plaintiff: 3458 Dickerson Pike, Nashville, TN 37207.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. Rule 26(a)(1) of the Federal Rules of Civil Procedure, regarding required initial discovery disclosures, shall not apply.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE