IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KENNITH D.L. VAN BUREN )
)
v. ) NO. 3:19-0533
)
WALMART STORES OF AMERICA, INC. )

**TO:   Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

### R E P O R T   A N D   R E C O M M E N D A T I O N

By a Memorandum Opinion and Order entered December 4, 2019 (Docket Entry No. 6), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is the motion for partial dismissal (Docket Entry No. 18) filed by Defendant Wal-Mart Stores East, LP.  Plaintiff has not filed a response in opposition to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be granted.

### I.  BACKGROUND

Kennith Van Buren ("Plaintiff"), a Tennessee resident, filed this lawsuit *pro se* and *in forma pauperis* on June 27, 2019, against his former employer, Wal-Mart Stores East, LP ("Defendant"). *See* Complaint (Docket Entry No. 1). Plaintiff seeks over $15,000,000.00 in damages based on allegations that he was subjected to employment discrimination while working at the Walmart store on Dickerson Pike in Nashville Tennessee in 2017.  *See* Amended Complaint (Docket Entry No. 5) at 4-5.  Plaintiff alleges that he was wrongfully terminated from his employment after being involved in an incident during which another Walmart employee questioned a customer in the parking lot of the store about possibly shoplifting.  *Id*.  Plaintiff denies any wrongdoing and contends that

"employees of other races" have not been terminated when "they actually confronted customers using profanity." *Id*. at 5.

In his pleadings, Plaintiff checked boxes reflecting that he intends to bring his case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5 *et seq*. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq*. ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. §§ 12102, *et seq*. ("ADA"). *See* Complaint at 3. He also checked the boxes reflecting that the "discriminatory conduct of which [he] complain[s]" includes termination of his employment, failure to promote, unequal terms and conditions of employment, and retaliation. *Id*. at 4. Finally, Plaintiff checked boxes reflecting that the Defendant discriminated against him based on his race, gender/sex, age, and disability, while identifying his disabilities as congestive heart failure and "dislocated disc in back." *Id*.

Upon initial review of the complaint and amended complaint under 28 U.S.C. § 1915(e)(2)(B), the Court permitted process to be served upon Defendant on Plaintiff's claims under Title VII, the ADEA, and the ADA.[1] Upon Defendant's filing of an answer (Docket Entry No. 15), a scheduling order was entered providing for a period of pretrial activity in the case. *See* Docket Entry No. 17. By Order entered June 22, 2020, the scheduling order deadlines were extended. *See* Docket Entry No. 24.

## II. MOTION FOR PARTIAL DISMISSAL

On May 5, 2020, Defendant filed the pending motion seeking dismissal of some of Plaintiff's claims under Rule 12(c) of the Federal Rules of Civil Procedure. Defendant first asserts that the Charge of Discrimination that Plaintiff filed with the Tennessee Human Rights Commission on October 6, 2017, indicated that it was being filed based only on race and age discrimination and set out factual allegations concerning only Plaintiff's termination. *See* Docket Entry No. 19-1.

---

[1] The Court also found that Plaintiff failed to assert arguable claims against an individually named defendant and claims for violations of Plaintiff's civil rights and dismissed these claims. *See* Docket Entry No. 6 at 4-6.

Defendant argues that Plaintiff's claims of gender/sex discrimination, disability discrimination, retaliation, and failure to promote must be dismissed because these claims were not included in the Charge of Discrimination and, thus, the claims were not administratively exhausted prior to being brought in his lawsuit. *See* Memorandum in Support (Docket Entry No. 19) at 4-6. Defendant additionally argues that the factual allegations set out in Plaintiff's pleadings fail to state facts that support the unexhausted claims, as well as his claim of age discrimination. *Id*. at 6-9.

By Order entered May 6, 2020 (Docket Entry No. 20), the Court gave Plaintiff a deadline of June 12, 2020, to file a response to the motion. By Order entered June 10, 2020 (Docket Entry No. 22), the Court extended Plaintiff's response deadlines to June 26, 2020. To date, Plaintiff has not filed a response to the motion.

### III. STANDARD OF REVIEW

The standard of review applied to motions brought under Rule 12(c) is indistinguishable from the standard of review for motions brought under Rule 12(b)(6). *Jackson v. Heh*, 215 F.3d 1326 at *3 (6th Cir. 2000).

In reviewing Defendant's motion, the Court must accept the well-pleaded material allegations of the pleadings as true. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). However, the pleadings must provide the grounds for Plaintiff's entitlement to relief and consist of more than "labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The well pleaded factual allegations must show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Plaintiff's factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

3

Defendant has supported its motion with a copy of Plaintiff's Charge of Discrimination. Because Plaintiff's administrative charge of discrimination is referenced in his compliant and is central to his claims, the Court may properly rely upon this document without having to convert the motion into one for summary judgment. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)*. See also Kovac v. Superior Dairy, Inc.*, 930 F.Supp.2d 857, 862-63 (N.D. Ohio 2013) (court permitted to take judicial notice of public records such as charge of discrimination); *Jenkins v. Trane U.S., Inc.*, 2013 WL 3272489 at *6 n.8 (M.D.Tenn. June 27, 2013) (Trauger, J.) (same).

## IV.  ANALYSIS

Defendant's motion for partial dismissal should be granted.  Plaintiff's claims for gender/sex discrimination, disability discrimination, retaliation, and a failure to promote must be dismissed because these claims were not included in Plaintiff's Charge of Discrimination.  The general rule is that a plaintiff cannot bring a federal employment discrimination claim in a lawsuit if the claim or the underlying allegations for the claim were not previously included in a charge of discrimination. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010); *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998).

Plaintiff has not responded to Defendant's motion and has not offered any argument as to why his failure to include these specific claims in his Charge of Discrimination should be excused. In his Charge of Discrimination, Plaintiff neither mentioned facts about gender/sex discrimination, disability discrimination, or unlawful retaliation in the narrative of his charge, nor checkmarked the boxes for these catogories of claims that were options on the form he filled out. *See* Docket Entry No. 19-1. Plaintiff further failed to assert any facts pertaining to a failure to promote. *Id.*

The Court recognizes that Plaintiff's Charge of Discrimination was filed *pro se.*  In  such a situation, his charge should be construed liberally to allow consideration of claims that "are reasonably related to or grow out of the factual allegations in the EEOC charge." *Younis*, 610 F.3d

4

at 362 (citing *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006). However, the instant case does not involve a situation in which Plaintiff simply did not mark the correct box or in which he used imprecise language to describe his claims. To the contrary, even when given a liberal reading, Plaintiff's Charge of Discrimination contains nothing that would have reasonably led to an investigation of the claims for which Defendant now seeks dismissal. Accordingly, these claims must be dismissed for lack of administrative exhaustion. *See Gant v. S Means, LLC*, 2020 WL 2512826 (M.D.Tenn. May 15, 2020) (racial discrimination claim dismissed for failure of plaintiff to include the claim in her charge of discrimination despite the charge being filed *pro se*) (Campbell, J.).

Plaintiff's ADA claim of being unlawfully terminated also warrants dismissal but for a different reason. Although this claim was administratively exhausted, the factual allegations set out in Plaintiff's pleadings fail to support such a claim. Plaintiff generally alleged in his original complaint that he brings a claim under the ADA. *See* Complaint at 4. However, the complaint did not include any supporting factual allegations, and Plaintiff was specifically directed to file an amended complaint "identifying the facts that he believes support his claims." *See* Order entered July 30, 2019 (Docket Entry No. 4). In his amended complaint, Plaintiff alleges that he was wrongfully terminated and falsely accused, that Defendant did not take the same actions against a white employee, and that Defendant "has not terminated employees of other races in other incidents," *see* Docket Entry No. 5 at 4-5, but he makes no allegations that, even if liberally construed, refer to his age, the age of other employees, or to an act of alleged age discrimination on the part of Defendant.

Although the Court is required to give the pleadings of *pro se* litigants a certain amount of liberal construction. *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), the Court cannot supply or assume facts that are not pled or create claims for a party that are not pled. *See Bell v. Tennessee*, 2012 WL 996560 at *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000). Plaintiff's pleadings simply fail to satisfy the *Iqbal* and

5

*Twombly* standards because his pleadings do not contain any factual allegations that show that he has a plausible right to relief under the ADA. For this claim to proceed forward requires the Court to supply or assume facts that are not pled by Plaintiff or that can be even reasonably inferred from the facts that he has pled.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the motion to dismiss (Docket Entry No. 18) filed by Defendant Wal-Mart Stores East, LP, be GRANTED and that:

1) Plaintiff's claims of for gender/sex discrimination, disability discrimination, retaliation, and a failure to promote be DISMISSED for lack of administrative exhaustion; and

2) Plaintiff's claim for age discrimination be DISMISSED for failure to state a claim.[2]

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[2] Upon the dismissal of the noted claims, the only claim remaining in the action will be Plaintiff's claim for wrongful termination on account of race.

6