UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KENNITH D.L. VAN BUREN, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 3:19-cv-00533 |
| WALMART STORES EAST, LP, | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 25) recommending that the Court grant Defendant's Partial Motion to Dismiss (Doc. No. 18) Plaintiff's claims for age discrimination, gender/sex discrimination, disability discrimination, retaliation, and failure to promote. Plaintiff, proceeding *pro se*, never filed formal objections to the R&R, and the time for filing objections under Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.02(a) expired months ago. (See Doc. No. 25 at 6 (providing specific warnings regarding waiver).) Plaintiff did, however, file a belated "motion for opposition to dismiss" (Doc. No. 26), to which Defendant responded in opposition (Doc. No. 29). Given Plaintiff's *pro se* status, the Court has decided to construe Plaintiff's "motion" as an objection to the R&R.

The Court will not repeat the entire factual background and procedural history of this case because it is aptly set forth in the R&R. (Doc. No. 25 at 1–3.) In short, Plaintiff claims that his former employer, Defendant, discriminated against him based on his race, gender/sex, age, and disability, and that this allegedly discriminatory conduct included wrongful termination, failure to promote, retaliation, and unequal terms and conditions of employment. (Doc. No. 1 at 4.) The Magistrate Judge recommends dismissing Plaintiff's claims of gender/sex discrimination,

disability discrimination, retaliation, and failure to promote because Plaintiff did not administratively exhaust these claims by including them in his Equal Employment Opportunity Commission Charge of Discrimination. (Doc. No. 25 at 4–5.) The Magistrate Judge also recommends dismissing Plaintiff's age discrimination claim[1] because the Complaint "makes no allegations that, even if liberally construed, refer to [Plaintiff's] age, the age of other employees, or to an act of alleged age discrimination on the part of Defendant." (Id. at 5.)

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he [D]istrict [J]udge must determine de novo any part of the [M]agistrate [J]udge's disposition [on a dispositive motion] that has been properly objected to. The [D]istrict [J]udge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the [M]agistrate [J]udge with instructions." See also 28 U.S.C. § 636(b)(1)(C). Only "specific written objections" to the Magistrate Judge's proposed factual findings and legal conclusions are considered "proper" for the district court's consideration. Fed. R. Civ. P. 72(b)(2). Moreover, the Court's Local Rules require that proper objections "must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made . . . to apprise the District Judge of the bases for the objections." L.R. 72.02(a). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)).

Although Plaintiff generally contends that his "civil suit should not be dismissed in any form[,]" he does not state with particularity any basis for how the Magistrate Judge committed

---

[1] The R&R inadvertently refers to Plaintiff's "claim for age discrimination" as his "ADA claim," rather than his ADEA claim. (Doc. No. 25 at 5–6.)

legal error. (See Doc. No. 26 at 1.) For example, he does not offer any arguments about why he should be excused from including his gender/sex discrimination, disability discrimination, retaliation, and failure to promote claims in his Charge of Discrimination. Nor does he revive his insufficiently pled age discrimination claim simply by arguing that "a white gentleman by the name of Paul (last name not known); age of thirty-seven (37) . . . years old was discharged for using profanity with a customer in the electronics dep[artment], but was immediately hired back a week before I was terminated on October 2, 2017." (Id. at 5.) Accordingly, the Court does not find any valid reason to set aside the R&R. See J.A. v. Smith Cty. School Dist., 364 F. Supp. 3d 803, 812 (M.D. Tenn. Mar. 6, 2019) (quoting VanDiver v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich 2004) ("[A]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

Having conducted a de novo review of the R&R, the Court agrees with the Magistrate Judge's analysis and recommended disposition. Accordingly, the R&R (Doc. No. 25) is **APPROVED AND ADOPTED**; Defendant's Partial Motion to Dismiss (Doc. No. 18) is **GRANTED**; and Plaintiff's claims for gender/sex discrimination, disability discrimination, age discrimination, retaliation, and failure to promote are **DISMISSED**. This case will proceed on Plaintiff's sole remaining claim for wrongful termination based on race.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE