IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KENNITH D.L. VAN BUREN ) | |
| ) | |
| v. ) | NO. 3:19-0533 |
| ) | |
| WALMART STORES OF AMERICA, INC. ) | |

**TO:   Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

# R E P O R T   A N D   R E C O M M E N D A T I O N

By a Memorandum Opinion and Order entered December 4, 2019 (Docket Entry No. 6), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings.

Pending before the Court is the motion (Docket Entry No. 37) of Defendant Wal-Mart Stores East, LP, for sanctions against Plaintiff because of his failure to comply with a Court order compelling him to provide discovery requests. Plaintiff has not filed a response in opposition to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and this action be dismissed.

## I.  BACKGROUND

Kennith Van Buren ("Plaintiff"), a Tennessee resident, filed this lawsuit *pro se* and *in forma pauperis* on June 27, 2019, against his former employer, Wal-Mart Stores East, LP ("Defendant"). *See* Complaint (Docket Entry No. 1). Plaintiff seeks over $15,000,000.00 in damages based on allegations that he was subjected to employment discrimination while working at the Walmart store on Dickerson Pike in Nashville Tennessee in 2017. *See* Amended Complaint (Docket Entry No. 5) at 4-5. Plaintiff alleges that he was wrongfully terminated from his employment after being involved in an incident during which another Walmart employee questioned a customer in the parking lot of the store about possibly shoplifting. *Id*. Plaintiff denies any wrongdoing and contends that

"employees of other races" have not been terminated when "they actually confronted customers using profanity." *Id*. at 5. Plaintiff raised several different claims in his pleadings; however, the Court recently granted Defendant's motion for partial dismissal and dismissed all claims in the action except for Plaintiff's Title VII claim of wrongful termination based upon race. *See* Order entered November 20, 2020 (Docket Entry No. 46).

After Defendant filed an answer, a scheduling order was entered setting out deadlines for pretrial activity in the case. Defendant sought to extend these deadlines because Plaintiff had indicated to Defendant's counsel that he would not participate in discovery until he obtained counsel. *See* Exhibit A to Defendant's Motion to extend deadlines (Docket Entry No. 23-1) at 2. The Court extended the scheduling order deadlines and gave Plaintiff a deadline of July 15, 2020, to obtain counsel. *See* Order entered June 22, 2020 (Docket Entry No. 24). In its order, the Court also gave Plaintiff a specific reminder of his obligation to comply with the Federal Rules of Civil Procedure, the scheduling order, and the Court's orders generally, regardless of whether he retains counsel, and of the adverse consequences that may occur if he fails to comply. *Id*. Plaintiff did not obtain counsel.

Defendant subsequently filed a motion to compel, asserting that Plaintiff had refused to respond to any of its written discovery requests that had been served upon him. *See* Motion to compel (Docket Entry No. 31). Although Plaintiff did not directly respond to the motion, he filed a motion "to compel Defendant to discontinue contact," *see* Docket Entry No. 35, which the Court liberally construed as a response. By Order entered September 21, 2020 (Docket Entry No. 36), the Court granted in part Defendant's motion to compel and ordered Plaintiff to serve upon Defendant, by no later than October 12, 2020, responses to Defendant's requests for admissions and to Defendant's interrogatories and requests for production of documents, as those had been limited by the Court.[1] The Court declined to assess sanctions against Plaintiff because of his failure to

---

[1] The Court did not compel responses to some of Defendant's discovery requests because (1) several of the discovery requests were directed at claims that were the subject of the then pending motion to dismiss and (2) the Court found that, given the nature of the case, several of the requests

cooperate in discovery, as had been sought by Defendant in its motion, but specifically warned Plaintiff as follows:

> **However, Plaintiff is warned that his failure to comply with this Order may result in the imposition of sanctions against him and that the sanctions may include a recommendation for the dismissal of all of this case. A willful failure of any party to engage in discovery will not be taken lightly by the Court.**

*Id.* at 3. (emphasis and underlining in original).

## II. MOTION FOR SANCTIONS

On October 14, 2020, Defendant filed the pending motion for sanctions. Defendant asserts that, as of the date the motion was filed, Plaintiff had not complied with the Court's order to provide responses to Defendant's discovery requests. Defendant asks that the Court impose the sanction of dismissal of the case because of Plaintiff's willful noncompliance with the Court's order to him to provide discovery responses and because of his continued refusal to cooperate in discovery. *See* Defendant's Memorandum in support (Docket Entry No. 38).

Plaintiff has not filed a response to the motion for sanctions. Instead, he filed a motion for review and for recusal. (Docket Entry No. 39.) The undersigned Magistrate Judge denied Plaintiff's request for recusal, *see* Order entered October 19, 2020 (Docket Entry No. 41), and Chief Judge Crenshaw entered an order on November 23, 2020 denying review of the September 21 Order, *see* Order entered November 23, 2020 (Docket Entry No. 47). Plaintiff also filed his own motion to compel (Docket Entry No. 40).[2]

---

were overbroad, unduly burdensome, and/or sought information of marginal or no relevance. *See* September 21, 2020, Order at 2-3.

[2] The Court has stayed a ruling on Plaintiff's motion to compel and stayed the pretrial deadlines for the completion of discovery and for the filing of dispositive motions until resolution of the motion for sanctions. *See* Order entered November 11, 2020 (Docket Entry No. 45).

3

## III. CONCLUSIONS

The Court recognizes that Plaintiff is proceeding *pro se* and has an admitted lack of understanding of the rules of procedure. For that reason, the Court has treated Plaintiff with a certain amount of leniency. Specifically, the Court, in ruling on Defendant's motion to compel, engaged in a *sua sponte* review of Defendant's discovery requests and significantly narrowed those requests to the benefit of Plaintiff, even though Plaintiff did not file a direct response to the motion to compel and had not raised his objections in actual responses to the discovery requests.[3] Additionally, the Court, in its Orders, provided Plaintiff with both (1) a general admonition about the need to follow procedural rules and to follow the Court's orders and (2) a specific admonition about the necessity to comply with the Court's order compelling him to provide discovery responses.

However, the leniency generally accorded to *pro se* litigants "has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and "*pro se* parties must follow the same rules of procedure that govern other litigants." *Aug. v. Caruso*, 2015 WL 1299888 at *6 (E.D.Mich. Mar. 23, 2015). *See also Looper v. Educ. Credit Mgmt. Corp.*, 2008 WL 2965887 at *8 (E.D.Tenn. July 30, 2008) (plaintiff's "*pro se* status does not exempt him from complying with the rules of procedure."); *Greer v. Home Realty Co. of Memphis Inc.*, 2010 WL 6512339 at *2 (W.D.Tenn. July 12, 2010) ("Although district courts may liberally construe the federal and local rules for *pro se* litigants, even *pro se* litigants are obligated to follow these rules"). Certainly, being a *pro se* litigant does not permit a party to simply ignore a court's clearly communicated deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *1 (M.D. Tenn. Sept. 28, 2016) (Sharpe, J.); *Mayers v. Ellis*, 2016 WL 891181 at *5 (M.D. Tenn. Mar. 8, 2016) (Trauger, J.); *Smith v. Woods*, 2015 WL 8055912 at *1 (M.D.Tenn. Dec. 4, 2015) (Haynes, J.). Indeed, whether a party is *pro se* or not, when a party has been ordered by the court to take

---

[3] Even if a party objects to responding to discovery requests it must make a timely response and must raise in its response its grounds for objection. A party's failure to raise in its response the grounds for objecting to discovery requests generally results in a waiver of any grounds for objection. *See* Fed. R. Civ. P. 33(b)(4).

4

specific actions with respect to providing discovery responses, the party simply does not get to pick and choose how or when to respond. The party must follow the court's directive. Plaintiff has clearly decided that he will not comply with the Court's Order.

Rule 37(b) of the Federal Rule of Civil Procedure provides that the trial court may issue such orders "as are just" when a party fails to obey an order to provide discovery. Sanctions are set forth in Rule 37(b)(2) and include the sanction of "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Rule 16(f) also provides that "on motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... (C) fails to obey a scheduling or other pretrial order ." Fed. R. Civ. P. 16(f)(1). Finally, it is well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon the showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See* Fed. R. Civ. P. 41(b)*; see also Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (*per curiam*); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

The imposition of sanctions and the type of sanctions imposed are matters within the sound discretion of the court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). Because the sanction of dismissal is an extreme sanction, four factors are to be considered in determining whether dismissal is an appropriate sanction for failure to comply with a court order: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and, (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Mager v. Wisconsin Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019); *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir.

5

2002). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Reyes*, 307 F.3d at 458.

Plaintiff's outright refusal to comply with the Court's order evidences bad faith and willfulness on his part. He has offered no explanation for his conduct and has not responded to the motion for sanctions. His other filings suggest that his only apparent explanation is that he disagrees with the Court's ruling that he must provide discovery responses. Plaintiff was specifically warned that his case could be dismissed as a consequence of his failure to comply with the Court's order, yet he has failed to make any attempt to comply with the Order. Plaintiff's refusal to engage in discovery has prejudiced Defendant's ability to defend the case and has caused this case to come to a standstill in moving forward. Given Plaintiff's *pro se* status, requiring him to pay to Defendant the reasonable expenses it incurred in filing its discovery motions is not a just and practical sanction, and there does not appear to be any other sanction that would be effective. The Court simply should not have to repeatedly admonish and plead with a party to obey the Court's own orders. Given the facts of this case, the sanction of dismissal is warranted. *See Davis v. Bilbrey*, 2012 WL 2947587 (M.D. Tenn. July 19, 2012) (Haynes, J.) (*pro se* plaintiff's failure to respond to discovery requests and adhere to court imposed deadlines warranted sanction of dismissal); *Hanners v. Jones*, 2007 WL 2710694 (M.D. Tenn. Sept. 13, 2007) (Nixon, J.) (same).

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the motion for sanctions filed by Defendant Wal-Mart Stores East, LP (Docket Entry No. 37), be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within

the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                                                     Respectfully submitted,

                                                     BARBARA D. HOLMES
                                                    United States Magistrate Judge