# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KENNITH D.L. VAN BUREN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 3:19-cv-00553 |
| | ) |
| WALMART STORES EAST, LP, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

On November 24, 2020, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 48) recommending that the Court grant Defendant's Renewed Motion for Sanctions (Doc. No. 37) against Plaintiff for failing to comply with the Court's September 21, 2020 Order (Doc. No. 36) requiring him to provide responses to Defendant's discovery requests. The Magistrate Judge further recommends that the Court dismiss this action with prejudice. (Doc. No. 48 at 6.) Plaintiff, proceeding *pro se*, did not file an opposition to the motion for sanctions or any timely objections to the R&R, despite the R&R's specific warnings regarding waiver. (See Doc. No. 48 at 6–7.)

Having thoroughly reviewed the R&R (Doc. 48) and Defendant's Renewed Motion for Sanctions (Doc. Nos. 37, 38), the Court agrees with the Magistrate Judge's analysis and the following reasoning for her recommended disposition:

> Plaintiff's outright refusal to comply with the Court's order evidences bad faith and willfulness on his part. He has offered no explanation for his conduct and has not responded to the motion for sanctions. His other filings suggest that his only apparent explanation is that he disagrees with the Court's ruling that he must provide discovery responses. Plaintiff was specifically warned that his case could be dismissed as a consequence of his failure to comply with the Court's order, yet he has failed to make any attempt to comply with the Order. Plaintiff's refusal to engage in discovery has prejudiced Defendant's ability to defend the case and has

caused this case to come to a standstill in moving forward. Given Plaintiff's pro se status, requiring him to pay to Defendant the reasonable expenses it incurred in filing its discovery motions is not a just and practical sanction, and there does not appear to be any other sanction that would be effective. The Court simply should not have to repeatedly admonish and plead with a party to obey the Court's own orders. Given the facts of this case, the sanction of dismissal is warranted.

(Doc. No. 48 at 6 (citations omitted).) Accordingly, the R&R (Doc. No. 48) is **APPROVED AND ADOPTED**; Defendant's Renewed Motion for Sanctions (Doc. No. 37) is **GRANTED**; and this case is **DISMISSED WITH PREJUDICE**. This is a final order. The Clerk shall terminate any pending motions, enter judgment in accordance with Federal Rule of Civil Procedure 58, and close the file.

Plaintiff is on notice that this Court is no longer the proper forum in which to raise arguments; if he disagrees with the Court's rulings, his only option this point forward is to file an appeal with the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE